IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| K. Bart Bevers, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| City of Dallas, Texas, and Eric Johnson, | § | |
| Kimberly Bizor Tolbert, Tammy Palomino, | § | |
| in their official capacities, | § | |
| *Defendants*. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendants City of Dallas, Texas, Eric Johnson, Kimberly Bizor Tolbert, and Tammy Palomino (together "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(c) and 1446, removing this matter from the 116th Judicial District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. In support, Defendants show:

### A.    DEFENDANTS' EXHIBITS IN SUPPORT

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state action is attached hereto as follows:

Exhibit 1: Docket Sheet

Exhibit 2: Plaintiff's Original Petition

Exhibit 3: Citations

Exhibit 4: Plaintiff's First Amended Petition

Exhibit 5: Parties' Agreement for Service of Process

## B.    PROCEDURAL BACKGROUND

1.    Plaintiff K. Bart Bevers ("Plaintiff") commenced this action on August 28, 2025 by filing Plaintiff's Original Petition in a Texas state court. The case was assigned to the 116th Judicial District Court, Dallas County, Texas, under Cause No. DC-25-15662. Ex. 2.

2.    The Parties agreed that service of process would be effectuated by Plaintiff's counsel serving citations on the Dallas City Attorney's Office by email. Ex. 3, 5. Defendants were served with the citations on September 17, 2025. Ex. 5.

3.    Before Defendants answered, Plaintiff filed his First Amended Petition ("Amended Petition") on October 3, 2025. Ex. 4.

4.    Plaintiff's Amended Petition alleges causes of action for: (a) retaliation under the Texas Whistleblower Act, (b) wrongful termination, (c) violation of due course and due process rights under the Texas and United States Constitutions, (d) *ultra vires* acts, and (e) declaratory judgment under the Uniform Declaratory Judgments Act. Plaintiff seeks monetary damages  in an amount over $250,000 including compensatory damages, lost wages and benefits, plus attorney's fees and costs, and also seeks reinstatement of employment, injunctive relief, and a writ of mandamus. Ex. 4.

5.    As set forth below, this removal is timely.

## C.    THE STATE ACTION PRESENTS A FEDERAL QUESTION

6.    "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.      Federal district courts have original jurisdictional over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8.      Removal is proper because one of Plaintiff's causes of action presents a federal question under the United States Constitution. 28 U.S.C. §§ 1441, 1331. Specifically, Plaintiff alleges that "[b]ecause Plaintiff was terminated immediately before the expiration of his term, without notice, Defendants have violated Plaintiff's rights to due process as protected by the Fifth and Fourteenth Amendments of the United States Constitution." Ex. 4, Am. Pet. p.9 ¶75.

9.      Moreover, because Plaintiff's remaining state law claims arise from the same factual allegations as the federal constitutional claim, the federal district court has supplemental jurisdiction over them.  28 U.S.C. § 1367(a).  Indeed, Plaintiff's state law claims are so intertwined with the federal due process claim that they are part of the same case or controversy for which the federal district court's Article III jurisdiction is invoked.

### D.      REMOVAL IS TIMELY AND VENUE IS PROPER

10.     Removal is timely if notice of removal is filed within thirty days after the receipt by the defendant "of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

11.     Here, Defendants were served with Plaintiff's Original Petition on or about September 17, 2025, Ex. 5, rendering the notice of removal due on or before October 17, 2025. This notice was filed on October 13, 2025 and is therefore timely.

12.     Removal to the U.S. District Court for the Northern District of Texas, Dallas Division is proper because this district and division include Dallas County where the Amended Petition is pending. *See* 28 U.S.C. § 1441(a).

13.    In accordance with 28 U.S.C. § 1446(d), Defendants will promptly serve Plaintiff with a copy of this Notice of Removal and file a copy with the Clerk for the 116th Judicial District Court, Dallas, County, Texas.

14.    Defendants reserve the right to file a responsive pleading to the Amended Petition and assert any claims, immunities, defenses, or other motions as permitted by the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Notice of Removal be accepted, that the state court action be discontinued, and that this suit be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ E. Leon Carter*
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Stacey Cho Hernandez
Texas Bar No. 24063953
shernandez@carterarnett.com
Ann "Ana" Marie Jordan
Texas Bar No. 00790748
ajordan@carterarnett.com
**CARTER ARNETT PLLC**
8150 N. Central Expy, Ste. 500
Dallas, Texas 75206
Telephone: (214) 550-8188
Facsimile: (214) 550-8185

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2025, all counsel of record were served with this instrument through the Court's electronic filing system.

*/s/ E. Leon Carter*
E. Leon Carter

## Case Information

DC-25-15662 | K. BART BEVERS vs. CITY OF DALLAS, TEXAS et al

Case Number
DC-25-15662
File Date
08/28/2025

Court
116th District Court
Case Type
EMPLOYMENT

Judicial Officer
PARKER, TONYA
Case Status
OPEN

## Party

PLAINTIFF
BEVERS, K. BART

Active Attorneys ▾
Lead Attorney
DOWNEY, MARK DAVID
Retained

DEFENDANT
CITY OF DALLAS, TEXAS

DEFENDANT
JOHNSON, ERIC

DEFENDANT
BIZOR TOLBERT , KIMBERLY

DEFENDANT
PALOMINO, TAMMY

## Events and Hearings

08/28/2025 NEW CASE FILED (OCA) - CIVIL

08/28/2025 ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION, DECLARTORY JUDGMENT ACTION AND APPLICATION FOR TEMPORARY

08/28/2025 ISSUE CITATION ▾

ISSUE CITATION-TAMMY PALOMINO

ISSUE CITATION-KIMBERLY BIZOR TOLBERT



ISSUE CITATION-CITY OF DALLAS, TEXAS

ISSUE CITATION-ERIC JOHNSON

**09/11/2025 CITATION ▾**

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
CITY OF DALLAS, TEXAS

**09/11/2025 CITATION ▾**

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
ERIC JOHNSON

**09/11/2025 CITATION ▾**

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
KIMBERLY BIZOR TOLBERT

**09/11/2025 CITATION ▾**

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
TAMMY PALOMINO

**10/02/2025 AMENDED PETITION ▾**

Comment
1ST -APPL TEMP INJ & PERM INJ

**10/09/2025 RULE 11 ▾**

RULE 11 AGREEMENT

Comment
AGREEMENT RE: ACCEPTANCE OF SERVICE OF ORIGINAL PETITION

## Financial

BEVERS, K. BART

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $382.00 |
| Total Payments and Credits | | | | $382.00 |
| 9/9/2025 | Transaction Assessment | | | $382.00 |
| 9/9/2025 | CREDIT CARD - TEXFILE (DC) | Receipt # 63886-2025-DCLK | BEVERS, K. BART | ($245.00) |

| 9/9/2025 | STATE CREDIT | ($137.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION, DECLARTORY JUDGMENT ACTION AND APPLICATION FOR TEMPORARY

ISSUE CITATION-TAMMY PALOMINO

ISSUE CITATION-KIMBERLY BIZOR TOLBERT

ISSUE CITATION-CITY OF DALLAS, TEXAS

ISSUE CITATION-ERIC JOHNSON

RULE 11 AGREEMENT

FILED
8/28/2025 5:54 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Mychele Galimore DEPUTY

CAUSE NO. _____ DC-25-15662

| | | |
|---|---|---|
| K. BART BEVERS, | § | 116th |
| | § | IN THE __ JUDICIAL DISTRICT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| CITY OF DALLAS, TEXAS, | § | COURT, DALLAS COUNTY TEXAS |
| ERIC JOHNSON, | § | |
| KIMBER BIZOR TOLBERT, | § | |
| TAMMY PALOMINO, | § | |
| IN THEIR INDIVIDUAL AND OFFICIAL | § | |
| CAPACITIES, | § | JURY DEMAND |
| | § | |
| DEFENDANTS. | § | |

---

**PLAINTIFF'S ORIGINAL PETITION, DECLARTORY JUDGMENT ACTION AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF**

---

## I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

## II. PARTIES

1. Plaintiff K. Bart Bevers is a resident of Tarrant County, Texas.

2. Defendant City of Dallas is a Texas home-rule municipality and may be served through its Mayor or City Manager at 1500 Manilla Street, 7DN, Dallas, Texas 75201.

3. Defendant Eric Johnson, in his individuals and official capacity as Mayor of Dallas, may be served at 1500 Manilla Street, 5EN, Dallas, Texas 75201.

4. Defendant Kimberly Bizor Tolbert, in her individual and official capacity as City Manager, may be served at 1500 Manilla Street, Room 4EN, Dallas, Texas 75201.

5. Defendant Tammy Palomino, in her individual and official capacity as the Dallas City Attorney, may be served at 1500 Manilla Street, 7DN, Dallas, Texas 75201..

**EXHIBIT
2**

### III. JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to the Texas Constitution and the Texas Civil Practice and Remedies Code, including its authority to issue writs of mandamus to compel compliance with a city charter.

7. Venue is proper in Dallas County because all relevant acts and omissions occurred here and Defendants reside or operate here.

8. As required by Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of $250,000.00 to $1 million and non-monetary relief.

### IV. FACTUAL BACKGROUND

9. On November 5, 2024, voters overwhelmingly approved amendments to the Dallas City Charter, adding Chapter IXA – Office of Inspector General.

10. Chapter IXA mandated the creation of the Office of Inspector General and further stated that the Inspector General, as the head of the department, must be a competent practicing attorney and a certified inspector general:

> "(a) There is hereby created an office to be known as the office of the inspector general. The head of this department shall be a competent practicing attorney of recognized ability, a certified inspector general, and shall be known as the inspector general . . ."

11. Chapter IXA further mandates that the Inspector General:

> "(b). . . shall serve for a period of two years from the date of appointment and thereafter until a successor is appointed, unless sooner discharged by the council, and the inspector general shall not be discharged during the inspector general's term of office except upon a 2/3 vote of all members of the city council. . . ."

12. Even before Chapter IXA was passed by the voters, the inspector general division of the city attorney's office was established by the City Council as an independent investigative authority that assumed the primary responsibility of identifying, investigating, and resolving ethical issues within the city (including those related to fraud, waste, abuse, public corruption, and official misconduct).

13. Accordingly, Plaintiff was established as the Inspector General of the Inspector General Division of the City Attorney's Office and led the Office of Inspector General.

14. From March 14, 2022, to November 5, 2024, Plaintiff was authorized to conduct "independent" investigations as the lead of the Inspector General Division of the City Attorney's Office. Despite this grant of authority, Plaintiff was subjected to oversight by the City Attorney, Tammy Palomino.

15. In January 2024, Defendant Palomino reviewed Plaintiff's performance and gave Plaintiff an overall rating of "Fully Successful", which was the highest rating available and only listing him as "Partially Successful" in two categories.

16. Upon the passage by voters and adoption of Chapter IXA in November 2024, Plaintiff was appointed to and acted as the Inspector General.

17. Prior to the passage of City Charter Chapter IXA, as the Inspector General, Plaintiff conducted investigations pursuant to the City of Dallas Code of Ethics, 12A Ordinance.

18. After the adoption of Chapter IXA and his appointment as the Inspector General under that City Charter provision, Plaintiff, on January 17, 2025, filed an official report finding that City funds were spent on a City Council retreat in violation of the City Code and administrative directives, and without following the City's procurement process.

19. Plaintiff reported that the credible evidence showed that actions and behaviors were taken in violation of Dallas City Code, Chapter 12A, Section 3 Fiduciary Duty, and Section 4 (a)(1)(2)(4)(6) Standards of Behavior.

20. This report was submitted to Defendant Kim Tolbert, Defendant Mayor Eric Johnson and all fourteen members of the City Council for appropriate law enforcement actions to be taken.

21. Plaintiff as Inspector General further reported credible allegations of waste and misuse of public funds, violations of the procurement process, and failure to follow the established competitive bidding process to government officials with the direct authority to regulate and enforce the laws found to be violated.

22. Plaintiff further recommended to Defendant Kim Tolbert that steps be taken to directly respond to the violations found.

23. In early 2025, Plaintiff was further undertaking to investigate the conduct of another City official, a fact known to Defendants given that Plaintiff had started to interview certain individual witnesses about the complaint received.

24. As a result of these reports and Plaintiff undertaking this additional investigation, Plaintiff began experiencing a pattern of retaliatory treatment from City officials that culminated in an executive search company, MGT,

being hired to find a new Inspector General and the ultimate hiring of Timothy Menke for the Inspector General position, which resulted in the termination of Plaintiff's employment by the City.

25. More specifically, in early 2025, as a result of Plaintiff's reporting and investigating as were his assigned duties as the Inspector General, the City retained an executive search company, MGT, to conduct a nationwide search for someone to fill the Inspector General position.

26. MGT, by and thought is Vice President Charlene Stevens, and the "MGT Approved Independent Executive Recruiter" Cheryl D. Orr, reported to Defendant Johnson and the Dallas City Council that it had received approximately 30 resumes from nine states, with 21 of the applicants being from Texas.

27. Of the applicants deemed by MGT to be "Tier 1", Plaintiff was the only person in the selection process who was a licensed attorney. Additionally, Plaintiff was the only "certified investigator general" as the City Charter required.

28. Further, the summary of Tier 1 candidates presented by MGT through Ms. Stevens and Ms. Orr as part of MGT's "Recruitment Portfolio," improperly identified Plaintiff as only having "7+ years of experience in IG or related field" (the least amount of experience presented) when Plaintiff in fact had in excess of 30 years of experience (the most experience among the candidates).

29. MGT's publications of the position further wrongfully stated that "Candidates must have a bachelor's degree in business, accounting, finance, or related field, *OR in lieu of a degree*, any combination of education and accounting or finance experience the equals four (4) years. A master's degree or JD is *preferred*" and "possession of a Juris Doctorate (JD) is *highly desirable*." (emphasis added) *See* Exhibit "1" attached hereto.

30. Despite Plaintiff's qualifications and the requirements of Chapter IXA of the City Charter, City Council member Adam Bazaldua presented to the council and the council approved the appointment of Timothy Menke as Inspector General.

31. Accordingly, on June 11, 2025, City Council member Adam Bazaldua presented and the council approved Timothy Menke for a two-year term as Inspector General at a pay rate of $210,000 annually.

32. Mr. Menke does not hold a law license and does not meet the mandatory qualifications for the position of Inspector General as required by Chapter IXA.

33. The appointment by the City Council of Mr. Menke violated a ministerial duty imposed by the City Charter, which is binding on the City and its officials including the Defendants.

34. Additionally, the approval of the funds to compensate MGT to conduct an executive search that included the interviewing of approximately thirty (30) persons who did not meet the minimum, stated qualifications of the Inspector General position (i.e. that they be a licensed attorney) and further presenting to the City persons who were not qualified and rejecting the only candidate (Plaintiff) that met the minimum qualifications of the position, is a violation of the ministerial duties imposed on the Defendants.

35. After learning that he was being removed from the Inspector General position and that Mr. Menke was selected, Plaintiff made a complaint to the Dallas City Attorney's office to address the City's failure to adhere to the Dallas City Charter with regard to the hiring of Mr. Menke.

36. In response to Plaintiff's complaints, the City further retaliated against Plaintiff by making false statements to the Texas Workforce Commission with regard to the reason for his termination, claiming that Plaintiff had violated "some policy" and was therefore terminated for misconduct.

37. Plaintiff was never advised of any violation of any City policy or that he was not selected by executive search firm for the Inspector General position because of his actions in violating any applicable policy.

38. Plaintiff was terminated immediately even though he was never informed of any misconduct, and no vote was ever taken by the City Council to remove him from the Inspector General position.

39. Plaintiff was wrongly denied a two-year term as the City Inspector General and was improperly removed from the position in violation of the City Charter given that no vote was taken to remove him from office prior to the expiration of his two-year term.

## V. CAUSES OF ACTION

### Count 1 – Retaliation under Texas Government Code §554.002

40. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

41. Under Texas Government Code §554.002, a governmental entity may not suspend or terminate a public employee who in good faith reports a violation of the law by the employing governmental entity or another public employee to an

appropriate law enforcement authority that has the authority to regulate under, or enforce the law allegedly violated or investigate the issue raised.

42. The Defendants retaliated against Plaintiff in violation of the Texas Government Code for his having participated in activities protected under Texas Government Code §554.002.

43. Plaintiff's reports, findings and investigations were made in good faith to an appropriate law enforcement authority, as defined in the Texas Whistleblower Act, Tex. Gov't Code § 554.002, regarding violations of law by City officials and employees.

44. Following these protected reports, the City of Dallas retaliated against Plaintiff by ultimately terminating his employment and appointing an unqualified individual in the Inspector General position in Plaintiff's place.

45. The City's actions constitute unlawful retaliation in violation of the Texas Whistleblower Act, Tex. Gov't Code § 554.002.

46. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered actual damages, including lost earnings, loss of career advancement, reputational harm, and mental anguish.

47. Plaintiff seeks all remedies available under the Texas Whistleblower Act, Tex. Gov't Code § 554.002, both at law and in equity including, but not limited to compensatory damages, attorney's fees, and court costs.

## Count 2 – Wrongful Termination in Violation of City Charter Chapter XXIV, Section 15 and/or .

48. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

49. Defendants terminated Plaintiff's employment immediately and in direct violation of the Dallas City Charter.

50. Chapter XXIV, Section 15, requires that all employees directly appointed by the City Council shall be given 30 days' notice prior to their termination of employment, except when the termination is the result of misconduct in office.

51. Plaintiff was not terminated for misconduct in office.

52. Plaintiff was terminated immediately and without notice of his termination.

53. Further, Chapter IXA, Section 1(b) states that the Inspector General "shall serve for a period of two years from the date of appointment."

54. Plaintiff's term as Inspector General therefore should have continued to at least roughly seventeen (17) months more.

55. Furthermore, Chapter IXA, Section 1(b) states that "the inspector general shall not be discharged during the inspector general's term of office except upon 2/3 vote of all members of the city council."

56. Defendants' termination of Plaintiff without proper notice, before the expiration of the term established, and/or a 2/3 vote of the City Council is an *ultra vires* act, outside Defendants' lawful authority.

### Count 3 – Violation of Due Course Rights under the Texas Constitution and Due Process Rights under the United States Constitution.

57. Plaintiff maintained a property right in his position as Inspector General.

58. Pursuant to Chapter IXA Section 1(b) that states the Inspector General "shall serve for a period of two years from the date of appointment."

59. Further, Chapter IXA states that "the inspector general shall not be discharged during the inspector general's term of office except upon 2/3 vote of all members of the city council."

60. Further, Chapter IXA, Section 1(b) states that the Inspector General "shall serve for a period of two years from the date of appointment."

61. Because Plaintiff was terminated immediately before the expiration of his term, without notice and without a hearing and/or a 2/3 vote of the Dallas City Council, Defendants have violated Plaintiff's rights to due process as protected by the Fifth and Fourteenth Amendments of the United States Constitution.

62. Additionally, Chapter XXIV, Section 15, requires that all employees directly appointed by the City Council shall be given 30 days' notice prior to their termination of employment, except when the termination is the result of misconduct in office.

63. Because Plaintiff was terminated immediately before the expiration of his term, without notice, Defendants have violated Plaintiff's rights to due course as protected by Article I, Section 19 of the Texas Constitution.

64. Because Plaintiff was terminated immediately before the expiration of his term, without notice, Defendants have violated Plaintiff's rights to due process as

protected by the Fifth and Fourteenth Amendments of the United States Constitution.

## Count 4 – Declaratory Judgment

65. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

66. Plaintiff asks that the Court enter a declaratory judgment under the Texas Civil Practices & Remedies Code Chapter 37 that Defendants violated their ministerial, nondiscretionary duty under Chapter IXA of the Dallas City Charter to appoint only a person who meets the stated qualifications for the position of the City Inspector General.

67. Appointment of an unqualified person is an *ultra vires* act, outside Defendants' lawful authority.

## Count 5 – Application for Temporary and Permanent Injunctive Relief

68. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

69. Plaintiff will suffer irreparable injury absent injunctive relief because:
   - The City's violation of its Charter undermines lawful governance and public trust
   - Monetary damages are inadequate to remedy the ongoing violation of the law.

70. Plaintiff seeks:
   - A Temporary Restraining Order prohibiting Defendants to hire or retain an individual in the role of Inspector General who is not qualified for such position as required by Chapter IXA of the City Charter;
   - A Temporary Injunction maintaining that prohibition until final judgment;
   - A Permanent Injunction prohibiting the future appointment of an unqualified person by the City of Dallas.

## VI. CONDITIONS PRECEDENT

71. All conditions precedent to Plaintiff's claims have been performed, waived, or excused.

## VII. ATTORNEY'S FEES

72. Plaintiff incorporates each of the foregoing paragraphs.

73. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

74. Pursuant to Texas Government Code section 554.02 Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

75. Plaintiff seeks attorney's fees under the Texas Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.009.

## VIII.  JURY TRIAL

76. Plaintiff incorporates each of the foregoing paragraphs.

77. Plaintiff demands a jury trial.

## IX. NOTICE PURSUANT TO RULE 193.7

78. Plaintiff incorporates each of the foregoing paragraphs.

79. Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## VIII. PRAYER

**Plaintiff respectfully requests that the Court:**

1. Issue a Temporary Restraining Order and set a hearing on a temporary injunction;
2. After hearing, issue a Temporary Injunction restraining Defendants from allowing the unqualified appointee to act as Inspector General;
3. Issue a Writ of Mandamus ordering compliance with Chapter IXA and removal of the unqualified appointee;
4. Reinstatement of employment;
5. Grant judgment in Plaintiff's favor on the Texas Whistleblower Act claim, awarding reinstatement, compensatory damages in excess of $250,000, attorney's fees, and costs;
6. Award of lost past wages and benefits;
7. Award of lost future wages and benefits;
8. Award reasonable attorney's fees and costs; and

9.  Grant such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Mark D. Downey

MARK D. DOWNEY
Texas Bar No. 00793637
mdowney@dlawgrp.com
**D LAW GROUP/MARK D DOWNEY PLLC**
5308 Ashbrook
Houston, Texas 77081
214-764-7279 / 214-764-0810 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

**Exhibit 1**

# Brochure



# CITY OF DALLAS, TEXAS
## INSPECTOR GENERAL



# CITY OF DALLAS, TEXAS
## INSPECTOR GENERAL

Dallas, Texas, is a dynamic and inclusive city that offers a world-class experience for residents and visitors alike. As the ninth-largest city in the United States and the third largest in Texas, Dallas is home to over 1.3 million people. It is the heart of the Dallas-Fort Worth-Arlington metropolitan area—commonly known as the DFW Metroplex, which encompasses 120 cities and a population exceeding 7.2 million. This makes it the No. 1 destination in Texas for tourism and leisure.

Dallas takes pride in its diverse and welcoming neighborhoods, offering a mix of vibrant urban living and affordable housing. Whether you are a resident or a visitor, the region offers endless opportunities for entertainment, culture, and sports. The DFW region is home to six major professional sports teams, including the Dallas Cowboys (NFL), Dallas Mavericks (NBA), Dallas Stars (NHL), Dallas Wings (WNBA), FC Dallas (MLS), Texas Rangers (MLB), and the newly established Dallas Trinity FC (USL Super League).

A hub for arts and culture, Dallas boasts the largest urban arts district in the United States, while Fair Park features the country's most extensive collection of Art Deco buildings. The city's thriving business environment is just as impressive—Dallas ranks among the top cities for corporate headquarters and has the third-largest concentration of Fortune 500 companies. The greater DFW area boasts the fifth-largest economy in the U.S. and the tenth largest in the world, driven by industries such as banking, technology, healthcare, energy, telecommunications, transportation, and logistics. Serving as a key gateway for both business and tourism, Dallas-Fort Worth International Airport is one of the busiest and largest airports globally.

Education is a cornerstone of the community, with more than three hundred public and 90 private primary and secondary schools, as well as over 40 institutions of higher learning. Notable universities include Southern Methodist University, the University of Texas at Dallas, the University of Texas at Arlington, the University of North Texas, Texas Christian University, and the University of Texas Southwestern Medical School.

Dallas is one of the most ethnically diverse major cities in the U.S. The population includes 42% Hispanic or Latino residents, 24% Black or African American, 5% Asian, American Indian, or Pacific Islander, and 29% White. The Dallas metro area is also home to the sixth-largest LGBTQ+ community among the nation's 50 largest cities.

From its thriving economy and rich cultural scene to its sports legacy and diverse communities, Dallas is a city that blends opportunity with excitement—making it a premier place to live, work, and explore.

## THE CITY

The City of Dallas operates under a Council-Manager form of government, with a Mayor and 14 City Council Members serving as district representatives. Under this form of government, the elected body sets policies for city operations.

The Mayor and City Council appoint the City Manager to serve as the chief administrator of the city government. The City Manager leads an Executive Leadership Team, which consists of Assistant City Managers and Chiefs. The City of Dallas is a full-service organization with more than thirty departments. The City Manager oversees all departments and functions of the city, while the City Attorney, City Secretary, City Auditor, Inspector General and Judiciary report directly to the City Council.

Dallas has an FY 2024-25 operating budget of over $4 billion and a capital budget of over $912 million, totaling more than $4.9 billion. The city currently employs approximately 13,000 full-time staff.



The City of Dallas is guided by a "service first" culture, based on three core principles:

- Connect
- Communicate
- Collaborate

We envision Dallas as a globally recognized city – with a thriving and inclusive community that sets the standard for excellence through:

- Innovation
- Government Efficiency
- Targeted Economic Growth

So all residents reach their potential to contribute to social vibrancy.





## THE DEPARTMENT AND THE POSITION

The Inspector General will be responsible for the management and supervision of the Inspector General Division that will consist of the Inspector General, a Chief Integrity Officer, attorneys, investigators, and support staff. The Inspector General will report directly to the Mayor and City Council and will manage and oversee the operations of the Inspector General Division including: supervising, directing, coordinating, and reviewing independent investigations into alleged ethics violations; fraud, waste, abuse, and corruption by city officials, city employees, and persons doing business with the city; prosecuting alleged violations of the City's code of ethics before the Ethics Advisory Commission; issuing subpoenas for attendance of witnesses and production of documents the Inspector General deems necessary; and issuing advisory opinions to city officials and city employees.

The Inspector General will also ensure that investigative reports are provided to the Ethics Advisory Commission, the city council, the city attorney, the city auditor and the city manager detailing the findings of the investigations. The Inspector General will also review and recommend policies and/or procedures to the city council, city attorney, and city manager for the purpose of promoting economy and efficiency in the administration of, or preventing and detecting fraud, waste, and abuse in city programs and operations.

The Inspector General will also be responsible for establishing the structure of the office as the division previously was incorporated into the City Attorney's office.

## CANDIDATE REQUIREMENTS:

- Candidates must have a bachelor's degree in business, accounting, finance, or related field, OR in lieu of degree, any combination of education and accounting or finance experience that equals four (4) years. A master's degree or JD is preferred.

- Candidates must have at least 10 - 15 years of experience in auditing, accounting, or finance, preferably in the public sector, and must have a minimum of 5 years of progressively responsible management/supervisory experience.

- Possession of a certificate as a Certified Public Accountant (CPA), Certified Interna Auditor (CIA), Certified Fraud Examiner (CFE) or possession of a Juris doctorate (JD) is highly desirable.

- Prior work experience managing and completing complex investigations involving allegations of fraud, theft, deception, or conspiracy; demonstrated experience and/or ability in accounting, auditing, finance, law, management, analysis, public administration, investigations, criminal justice administration, or other closely related fields.

- Prior experience serving in an inspector general capacity is desired.



## ADDITIONAL SKILLS, QUALITIES AND EXPERIENCE DESIRED:

- Demonstrate an ability to be independent and impartial and have a natural aptitude in leadership and management and unimpeachable integrity and personal ethics.

- Possess strong management skills and attention to detail.

- Be committed to supporting a diverse, inclusive, and equitable work environment.

- Possess excellent oral, written, communication, analytical, and research skills.

- Can propose ways to ensure the legal, fiscal, and ethical accountability of the city government, including its elected and appointed officials, employees, and those doing business with the city.

- Have experience in emphasizing preventative activities through training and education; and

- Have experience in establishing procedures to guide the functions and processes conducted by the Inspector General Division.



## COMPENSATION AND BENEFITS

The starting salary range is expected to be competitive with the marketplace and experience with the salary range starting at $200,000 DOQ/E. The City of Dallas provides a comprehensive benefit package that includes health benefits, pension, paid time off and holidays. The position is exempt from the provisions applicable to civil service, pursuant to Chapter XVI, Section 9 of the Dallas City Charter.

## TO APPLY

Interested candidates should apply online at GovHRjobs.com with a cover letter, resume, and contact information for at least five professional references by May 2, 2025.

For further information, contact Charlene Stevens, Vice President of Human Capital, 320-262-0303 or Cheryl Orr, MGT Independent Approved Recruiter, 757-621-9607.

This recruitment follows existing rules and regulations governing public sector hiring in the State of Texas.





FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:    CITY OF DALLAS, TEXAS**
**BY SERVING ITS MAYOR OR CITY MANAGER**
**1500 MANILLA STREET 7DN**
**DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

  Said Plaintiff being **K. BART BEVERS**

Filed in said Court  **28th day of August, 2025** against

**CITY OF DALLAS, TEXAS; ERIC JOHNSON; KIMBERLY BIZOR TOLBERT; TAMMY PALOMINO**

For Suit, said suit being numbered **DC-25-15662,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

 ATTEST: FELICIA PITRE,
 Clerk of the District Courts of Dallas County, Texas

 By_____, Deputy
  **ALICE TORRES**

---

ESERVE

# CITATION

No.: **DC-25-15662**

**K. BART BEVERS**
**vs.**
**CITY OF DALLAS, TEXAS et al**

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**MARK D. DOWNEY**
5308 ASHBROOK
HOUSTON TX  77081
214-764-0810
mdowney@dlawgrp.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



EXHIBIT

3

**OFFICER'S RETURN**

Cause No. DC-25-15662

Court No.: 116th District Court

Style: K. BART BEVERS
  vs.
CITY OF DALLAS, TEXAS et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of

delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:    To certify which

witness my hand.

For serving Citation  $_____    _____

For mileage      $_____    of_____ County, _____

For Notary      $_____    By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

# THE STATE OF TEXAS

**ESERVE**

# CITATION

**To:**   **ERIC JOHNSON**
     **1500 MANILLA STREET 5EN**
     **DALLAS TX  75201**

**No.: DC-25-15662**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **K. BART BEVERS**

Filed in said Court  **28th day of August, 2025** against

**CITY OF DALLAS, TEXAS; ERIC JOHNSON; KIMBERLY BIZOR TOLBERT; TAMMY PALOMINO**

For Suit, said suit being numbered **DC-25-15662,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
  **ALICE TORRES**

**K. BART BEVERS**
**vs.**
**CITY OF DALLAS, TEXAS et al**

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**MARK D. DOWNEY**
5308 ASHBROOK
HOUSTON TX  77081
214-764-0810
mdowney@dlawgrp.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**


**EXHIBIT**
**3**

**OFFICER'S RETURN**

Cause No. DC-25-15662

Court No.: 116th District Court

Style: K. BART BEVERS
 vs.
CITY OF DALLAS, TEXAS et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**    **KIMBERLY BIZOR TOLBERT**
        **1500 MANILLA STREET 4EN**
        **DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **K. BART BEVERS**

Filed in said Court  **28th day of August, 2025** against

**CITY OF DALLAS, TEXAS; ERIC JOHNSON; KIMBERLY BIZOR TOLBERT; TAMMY PALOMINO**

For Suit, said suit being numbered **DC-25-15662,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

ESERVE

# CITATION

## No.: DC-25-15662

### K. BART BEVERS
### vs.
### CITY OF DALLAS, TEXAS et al

**ISSUED**
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**MARK D. DOWNEY**
5308 ASHBROOK
HOUSTON TX  77081
214-764-0810
mdowney@dlawgrp.com
DALLAS COUNTY
SERVICE FEES
NOT PAID



EXHIBIT

3

**OFFICER'S RETURN**

Cause No. DC-25-15662

Court No.: 116th District Court

Style: K. BART BEVERS
 vs.
CITY OF DALLAS, TEXAS et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of

delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:     To certify which

witness my hand.

|                       |              |                        |
|-----------------------|--------------|------------------------|
| For serving Citation  | $_____   | _____ |
| For mileage           | $_____   | of_____ County, _____ |
| For Notary            | $_____   | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:**  **TAMMY PALOMINO**
**1500 MANILLA STREET 7DN**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **K. BART BEVERS**

Filed in said Court **28th day of August, 2025** against

**CITY OF DALLAS, TEXAS; ERIC JOHNSON; KIMBERLY BIZOR TOLBERT; TAMMY PALOMINO**

For Suit, said suit being numbered **DC-25-15662,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 11th day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

---

ESERVE

# CITATION

No.: **DC-25-15662**

**K. BART BEVERS**
**vs.**
**CITY OF DALLAS, TEXAS et al**

ISSUED
**on this the 11th day of September, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**MARK D. DOWNEY**
5308 ASHBROOK
HOUSTON TX 77081
214-764-0810
mdowney@dlawgrp.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



EXHIBIT
3

**OFFICER'S RETURN**

Cause No. DC-25-15662

Court No.: 116th District Court

Style: K. BART BEVERS
 vs.
CITY OF DALLAS, TEXAS et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____.M. on the _____ day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

        For serving Citation  $_____    _____

        For mileage        $_____    of_____ County, _____

        For Notary        $_____    By_____ Deputy

                (Must be verified if served outside the State of Texas.)

  Signed and sworn to by the said_____ before me this_____ day of _____,

        20_____, to certify which witness my hand and seal of office.

                                   _____

                                   Notary Public_____ County_____

FILED
10/2/2025 4:27 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

Case 3:25-cv-02769-X    Document 1    Filed 10/13/25    Page 33 of 60    PageID 33

## CAUSE NO. DC-25-15662

| | | |
|---|---|---|
| K. Bart Bevers, | § | In the 116th Judicial District |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| City of Dallas, Texas, | § | Court, Dallas County Texas |
| Eric Johnson, | § | |
| Kimber Bizor Tolbert, | § | |
| Tammy Palomino, | § | |
| in their official Capacities, | § | |
| | § | JURY DEMAND |
| Defendants. | § | |

---

### PLAINTIFF'S FIRST AMENDED PETITION, DECLARTORY JUDGMENT ACTION AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

---

## I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

## II. PARTIES

1. Plaintiff K. Bart Bevers is a resident of Tarrant County, Texas.

2. Defendant City of Dallas is a Texas home-rule municipality and may be served through its Mayor or City Manager at 1500 Manilla Street, 7DN, Dallas, Texas 75201.

3. Defendant Eric Johnson, in his official capacity as Mayor of Dallas, may be served at 1500 Manilla Street, 5EN, Dallas, Texas 75201.

4. Defendant Kimberly Bizor Tolber, in her official capacity as City Manager, may be served at 1500 Manilla Street, Room 4EN, Dallas, Texas 75201.

5. Defendant Tammy Palomino, in her official capacity as the Dallas City Attorney, may be served at 1500 Manilla Street, 7DN, Dallas, Texas 75201..

**EXHIBIT 4**

### III. JURISDICTION AND VENUE

6.  The Court has jurisdiction pursuant to the Texas Constitution and the Texas Civil Practice and Remedies Code, including its authority to issue writs of mandamus to compel compliance with a city charter.

7.  Venue is proper in Dallas County because all relevant acts and omissions occurred here and Defendants reside or operate here.

8.  As required by Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of $250,000.00 to $1 million and non-monetary relief.

### IV. FACTUAL BACKGROUND

9.  On November 5, 2024, voters overwhelmingly approved amendments to the Dallas City Charter, adding Chapter IXA – Office of Inspector General.

10. Chapter IXA mandated the creation of the Office of Inspector General and further stated that the Inspector General, as the head of the department, must be a competent practicing attorney and a certified inspector general:

    "(a) There is hereby created an office to be known as the office of the inspector general. The head of this department shall be a competent practicing attorney of recognized ability, a certified inspector general, and shall be known as the inspector general . . ."

11. Chapter IXA further mandates that the Inspector General:

    "(b). . . shall serve for a period of two years from the date of appointment and thereafter until a successor is appointed, unless sooner discharged by the council, and the inspector general shall not be discharged during the inspector general's term of office except upon a 2/3 vote of all members of the city council. . . ."

12. Even before Chapter IXA was passed by the voters, the inspector general division of the city attorney's office was established by the City Council as an independent investigative authority that assumed the primary responsibility of identifying, investigating, and resolving ethical issues within the city (including those related to fraud, waste, abuse, public corruption, and official misconduct).

13. Accordingly, Plaintiff was established as the Inspector General of the Inspector General Division of the City Attorney's Office and led the Office of Inspector General.

14. Before Plaintiff was announced as the Inspector General by Defendant Mayor Johnson, Plaintiff was subjected to a publicly broadcast meeting in the City Council chambers, by the City Council and City Attorney Chris Caso.

15. From March 14, 2022, Plaintiff was authorized to conduct "independent" investigations as the lead of the Inspector General Division of the City Attorney's Office.

16. Despite this grant of independent authority, Plaintiff was subjected to oversight at the insistence of the City Attorney, Tammy Palomino; oversight that was specifically rejected by Plaintiff based on the ethics code (including but not limited to Sec. 12A-47(a), (b), and (d)), the Ethics Reform Task Force Report, AIG Green Book standards, and existing law regarding criminal investigations.

17. In January 2024, Defendant Palomino reviewed Plaintiff's performance and gave Plaintiff an overall rating of "Fully Successful", which was the highest rating available and only listing him as "Partially Successful" in two categories.

18. Upon the passage by voters and adoption of Chapter IXA in November 2024, Plaintiff was appointed by the City Council to be the Interim Inspector General effective at the close of business on November 19, 2024.

19. In adopting Resolution No. 241692, on November 19, 2024, the City Council made the finding that:

> "Whereas, City Council determined that it is necessary to appoint an Interim Inspector General during the time it takes to select and appoint a new Inspector General."

20. Specifically, the City Council resolved as follows:

> "Section 1. That [Plaintiff] is hereby appointed Interim Inspector General, effective at the close of business on November 19, 2024, to serve until City Council [SIC] selects and appoints the Inspector General. During this interim appointment period, [Plaintiff] shall have the full powers and duties of the Inspector General as provided in the City Charter and ordinances and shall be paid an annual base salary of $109,550.00 while serving in this capacity.
>
> Section 2. That this resolution shall take effect immediately from and after its passage in accordance with the provisions of the Charter of the City of Dallas, and it is accordingly resolved."

21. Prior to the passage of City Charter Chapter IXA, as the Inspector General, Plaintiff conducted investigations pursuant to the City of Dallas Code of Ethics, 12A Ordinance.

22. After the adoption of Chapter IXA and his appointment as the Interim Inspector General, Plaintiff, on January 17, 2025, filed an official report finding that City funds were spent on a City Council retreat in violation of the City Code and administrative directives, and without following the City's procurement process.

23. Additionally, Plaintiff filed a second report finding that multiple City of Dallas employees had failed to not only follow the procurement process which resulted in the City incurring expenditures that was more than triple the next highest quote, but that a ratification of the expenditure was prepared and placed on the City Council draft agenda but was subsequently removed resulting in the City Council not being provided the opportunity to learn about the procurement process failures.

24. Plaintiff reported credible allegations of waste and misuse of public funds, violations of the procurement process, and failure to follow the established competitive bidding process to government officials with the direct authority to regulate and enforce the laws found to be violated. Additionally, Plaintiff reported a finding that a ratification of an expenditure in excess of $100,000 was initially included on a draft agenda but improperly removed from the City Council's final agenda thereby preventing the City Council from learning of the procurement process violations.

25. Plaintiff reported that the credible evidence showed that the actions and behaviors reported were taken in violation of  Dallas City Code, Chapter 12A, Section 3 Fiduciary Duty, and Section 4 (a)(1)(2)(4)(6) Standards of Behavior.

26. These reports were submitted to Defendant Kim Tolbert, Defendant Mayor Eric Johnson and all fourteen members of the City Council for appropriate law enforcement actions to be taken. Defendant Palomino is also believed to have received such reports by Plaintiff.

27. These reports were each the result of multiple months long investigations that predated Plaintiff being moved from his position as Inspector General to Interim Inspector General in November 2024. Plaintiff undertook multiple interviews of witnesses, reviewed numerous documents and communications that were obtained via the power vested in the Inspector General's office from various city government offices.

28. Plaintiff further recommended to Defendant Kim Tolbert, Defendant Mayor Johnson, and the City Council's office that steps be taken to investigate and directly respond to the violations found.

29. In early 2025, Plaintiff was further undertaking to investigate the conduct of another City official, a fact known to Defendants given that Plaintiff had started to interview certain individual witnesses about the complaint received.

30. As a result of Plaintiff's investigatory actions and publishing these reports, Plaintiff began experiencing a pattern of retaliatory treatment from City officials that culminated in an executive search company, MGT, being hired to find a new Inspector General and the ultimate hiring of Timothy Menke for the Inspector General position, which resulted in the termination of Plaintiff's employment by the City.

31. More specifically, in early 2025, as a result of Plaintiff's reporting and investigating as were his assigned duties as the Inspector General and subsequently the Interim Inspector General, the City retained an executive search company, MGT, to conduct a nationwide search for someone to fill the Inspector General position.

32. MGT, by and thought is Vice President Charlene Stevens, and the "MGT Approved Independent Executive Recruiter" Cheryl D. Orr, reported to Defendant Johnson and the Dallas City Council that it had received approximately 30 resumes from nine states, with 21 of the applicants being from Texas.

33. Of the applicants deemed by MGT to be "Tier 1", Plaintiff was the only person in the selection process who was a licensed attorney. Additionally, Plaintiff was the only "certified investigator general" as the City Charter required.

34. Further, the summary of Tier 1 candidates presented by MGT through Ms. Stevens and Ms. Orr as part of MGT's "Recruitment Portfolio," improperly identified Plaintiff as only having "7+ years of experience in IG or related field" (the least amount of experience presented) when Plaintiff in fact had in excess of 30 years of experience (the most experience among the candidates).

35. MGT's publications of the position further wrongfully stated that "Candidates must have a bachelor's degree in business, accounting, finance, or related field, *OR in lieu of a degree*, any combination of education and accounting or finance experience the equals four (4) years. A master's degree or JD is *preferred*" and "possession of a Juris Doctorate (JD) is *highly desirable*." (emphasis added) *See* Exhibit "1" attached hereto.

36. Despite Plaintiff being the only qualified candidate under the requirements of Chapter IXA of the City Charter, before the final round of interviews, Ms. Orr notified Plaintiff that he did not need to come into the office since he had not been invited to participate in the final round of interviews and had been cut by the selection committee which upon information and belief included Defendant Palomino and Defendant Bizor Tolbert.

37. Thereafter, City Council member Adam Bazaldua presented to the council, and the council approved the appointment of Timothy Menke as Inspector General.

38. On June 11, 2025, City Council member Adam Bazaldua presented and the council approved Timothy Menke for a two-year term as Inspector General at a pay rate of $210,000 annually.

39. Mr. Menke does not hold a law license and does not meet the mandatory qualifications for the position of Inspector General as required by Chapter IXA.

40. The appointment by the City Council of Mr. Menke violated a ministerial duty imposed by the City Charter, which is binding on the City and its officials including the Defendants.

41. In addition to the compensation of Mr. Menke, the approval of the funds to compensate MGT to conduct an executive search that included the interviewing of approximately thirty (30) persons who did not meet the minimum, stated qualifications of the Inspector General position (i.e. that they be a licensed attorney) and further presenting to the City persons who were not qualified and rejecting the only candidate (Plaintiff) that met the minimum qualifications of the position, is a violation of the ministerial duties imposed on the Defendants by law.

42. After learning that he was being removed from the Inspector General position and that Mr. Menke was selected, Plaintiff made a complaint to the Dallas City Attorney's office to address the City's failure to adhere to the Dallas City Charter with regard to the hiring of Mr. Menke.

43. In response to Plaintiff's complaints, the City further retaliated against Plaintiff by making false statements to the Texas Workforce Commission with regard to the reason for his termination, claiming that Plaintiff had violated "some policy" and was therefore terminated for misconduct.

44. Plaintiff was never advised of any violation of any City policy or that he was not selected by executive search firm for the Inspector General position because of his actions in violating any applicable policy.

45. Plaintiff was terminated immediately even though he was never informed of any misconduct, and no vote was ever taken by the City Council to remove him from the Inspector General position and/or Interim Inspector General position.

46. Defendants wrongly denied Plaintiff a two-year term as the City Inspector General and improperly removed him from the position in violation of the City Charter and City Council Resolution given that no vote was taken to remove him from office prior to the expiration of his two-year term and/or the City Council did not select and appoint an Inspector General pursuant to the City Charter.

47. Defendants wrongfully removed Plaintiff from the Interim Inspector General position by the fact that the City Council has failed to properly select and appoint an Inspector General pursuant to the Dallas City Charter.

## V. CAUSES OF ACTION

### Count 1 – Retaliation under Texas Government Code §554.002

48. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

49. Under Texas Government Code §554.002, a governmental entity may not suspend or terminate a public employee who in good faith reports a violation of the law by the employing governmental entity or another public employee to an appropriate law enforcement authority that has the authority to regulate under, or enforce the law allegedly violated or investigate the issue raised.

50. The Defendants retaliated against Plaintiff in violation of the Texas Government Code for his having participated in activities protected under Texas Government Code §554.002.

51. Plaintiff's refusal to provide briefing regarding ongoing investigations, reports, findings and investigations were all made in good faith to an appropriate law enforcement authority, as defined in the Texas Whistleblower Act, Tex. Gov't Code § 554.002, regarding violations of law by City officials and employees.

52. Following these protected actions and reports, the Defendants retaliated against Plaintiff by moving him to an Interim role, and then ultimately terminated his employment and appointed an unqualified individual in the Inspector General position.

53. The City's actions constitute unlawful retaliation in violation of the Texas Whistleblower Act, Tex. Gov't Code § 554.002.

54. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered actual damages, including lost earnings, and loss of career advancement.

55. Plaintiff seeks all remedies available under the Texas Whistleblower Act, Tex. Gov't Code § 554.002, both at law and in equity including, but not limited to compensatory damages, attorney's fees, and court costs.

## Count 2 – Wrongful Termination in Violation of City Charter Chapter XXIV, Section 15 and/or November 19, 2024, City Resolution No. 241692.

56. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

57. Defendants terminated Plaintiff's employment immediately and in direct violation of the Dallas City Charter and/or City Resolution No. 241692.

58. Chapter XXIV, Section 15, requires that all employees directly appointed by the City Council shall be given 30 days' notice prior to their termination of employment, except when the termination is the result of misconduct in office.

59. Plaintiff was not terminated for misconduct in office.

60. Plaintiff was terminated immediately and without notice of his termination.

61. According to City Resolution No. 241692, Plaintiff was to continue in the Interim Inspector General position until the City Counsel selected and appointed an Inspector General in accordance with the City Charter.

62. The City Counsel has not selected and appointed a qualified Inspector General.

63. Chapter IXA, Section 1(b) states that the Inspector General "shall serve for a period of two years from the date of appointment."

64. Plaintiff's term as Inspector General therefore should have continued to at least roughly seventeen (17) months more.

65. Furthermore, Chapter IXA, Section 1(b) states that "the inspector general shall not be discharged during the inspector general's term of office except upon 2/3 vote of all members of the city council."

66. Defendants' failure to advance Plaintiff's application as the only qualified Inspector General and termination of Plaintiff without proper notice and before the expiration of the term established, and/or a 2/3 vote of the City Council are each non-discretionary, *ultra vires* act, outside Defendants' lawful authority.

**Count 3 – Violation of Due Course Rights under the Texas Constitution and Due Process Rights under the United States Constitution.**

67. Plaintiff maintained a property right in his position as Inspector General.

68. Pursuant to City Resolution No. 241692, as the Interim Inspector General, Plaintiff was "to serve until City Council [SIC] selects and appoints the Inspector General. During this interim appointment period, [Plaintiff] shall have the full powers and duties of the Inspector General as provided in the City Charter and ordinances . . ."

69. Pursuant to Chapter IXA Section 1(b) that states the Inspector General "shall serve for a period of two years from the date of appointment."

70. Further, Chapter IXA states that "the inspector general shall not be discharged during the inspector general's term of office except upon 2/3 vote of all members of the city council."

71. Further, Chapter IXA, Section 1(b) states that the Inspector General "shall serve for a period of two years from the date of appointment."

72. Because Plaintiff was terminated without the selection and appointment of a qualified Inspector General and before the expiration of the term, without notice and without a hearing and/or a 2/3 vote of the Dallas City Council, Defendants have violated Plaintiff's rights to due process as protected by the Fifth and Fourteenth Amendments of the United States Constitution.

73. Additionally, Chapter XXIV, Section 15, requires that all employees directly appointed by the City Council shall be given 30 days' notice prior to their termination of employment, except when the termination is the result of misconduct in office.

74. Because Plaintiff was terminated immediately before the expiration of his term, without notice, Defendants have violated Plaintiff's rights to due course as protected by Article I, Section 19 of the Texas Constitution.

75. Because Plaintiff was terminated immediately before the expiration of his term, without notice, Defendants have violated Plaintiff's rights to due process as protected by the Fifth and Fourteenth Amendments of the United States Constitution.

**Count 4 – Declaratory Judgment**

76. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

77. Plaintiff asks that the Court enter a declaratory judgment under the Texas Civil Practices & Remedies Code Chapter 37 that Defendants violated their ministerial, nondiscretionary duty under Chapter IXA of the Dallas City Charter to appoint only a person who meets the stated qualifications for the position of the City Inspector General.

78. The advancement of an unqualified person is an *ultra vires* act, outside Defendants' lawful, non-discretionary authority.

**Count 5 – Application for Temporary and Permanent Injunctive Relief**

79. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

80. Plaintiff will suffer irreparable injury absent injunctive relief because:
    - The City's violation of its Charter undermines lawful governance and public trust
    - Monetary damages are inadequate to remedy the ongoing violation of the law.

81. Plaintiff seeks:
    - A Temporary Restraining Order prohibiting Defendants to hire or retain an individual in the role of Inspector General who is not qualified for such position as required by Chapter IXA of the City Charter;
    - A Temporary Injunction maintaining that prohibition until final judgment;
    - A Permanent Injunction prohibiting the future appointment of an unqualified person by the City of Dallas.

## VI. CONDITIONS PRECEDENT

82. All conditions precedent to Plaintiff's claims have been performed, waived, or excused.

## VII. ATTORNEY'S FEES

83. Plaintiff incorporates each of the foregoing paragraphs.

84. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

85. Pursuant to Texas Government Code section 554.02 Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

86. Plaintiff seeks attorney's fees under the Texas Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.009.

## VIII.  JURY TRIAL

87. Plaintiff incorporates each of the foregoing paragraphs.

88. Plaintiff demands a jury trial.

## IX. NOTICE PURSUANT TO RULE 193.7

89. Plaintiff incorporates each of the foregoing paragraphs.

90. Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## VIII. PRAYER

**Plaintiff respectfully requests that the Court:**

1.  Issue a Temporary Restraining Order and set a hearing on a temporary injunction;
2.  After hearing, issue a Temporary Injunction restraining Defendants from allowing the unqualified appointee to act as Inspector General;
3.  Issue a Writ of Mandamus ordering compliance with Chapter IXA and removal of the unqualified appointee;
4.  Reinstatement of employment;
5.  Grant judgment in Plaintiff's favor on the Texas Whistleblower Act claim, awarding reinstatement, compensatory damages in excess of $250,000, attorney's fees, and costs;
6.  Award of lost past wages and benefits;
7.  Award of lost future wages and benefits;
8.  Award reasonable attorney's fees and costs; and
9.  Grant such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Mark D. Downey

MARK D. DOWNEY

Texas Bar No. 00793637
mdowney@dlawgrp.com
**D LAW GROUP/MARK D DOWNEY**
**PLLC**
5308 Ashbrook
Houston, Texas 77081
214-764-7279 / 214-764-0810 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of October, 2025, Plaintiff's First Amended Petition has been filed with the court's ecf filing system and that the below listed counsel who have identified themselves as representing the Defendants in the above referenced matter were provided service via that system and by the emails as stated:

Leon Carter
lcarter@carterarnett.com

Ana Jordan
ajordan@carterarnett.com

        /s/ Mark D. Downey
        MARK D. DOWNEY

Brochure



**City of Dallas**

# CITY OF DALLAS, TEXAS
## INSPECTOR GENERAL



# CITY OF DALLAS, TEXAS
## INSPECTOR GENERAL

Dallas, Texas, is a dynamic and inclusive city that offers a world-class experience for residents and visitors alike. As the ninth-largest city in the United States and the third largest in Texas, Dallas is home to over 1.3 million people. It is the heart of the Dallas-Fort Worth-Arlington metropolitan area—commonly known as the DFW Metroplex, which encompasses 120 cities and a population exceeding 7.2 million. This makes it the No. 1 destination in Texas for tourism and leisure.

Dallas takes pride in its diverse and welcoming neighborhoods, offering a mix of vibrant urban living and affordable housing. Whether you are a resident or a visitor, the region offers endless opportunities for entertainment, culture, and sports. The DFW region is home to six major professional sports teams, including the Dallas Cowboys (NFL), Dallas Mavericks (NBA), Dallas Stars (NHL), Dallas Wings (WNBA), FC Dallas (MLS), Texas Rangers (MLB), and the newly established Dallas Trinity FC (USL Super League).

A hub for arts and culture, Dallas boasts the largest urban arts district in the United States, while Fair Park features the country's most extensive collection of Art Deco buildings. The city's thriving business environment is just as impressive—Dallas ranks among the top cities for corporate headquarters and has the third-largest concentration of Fortune 500 companies. The greater DFW area boasts the fifth-largest economy in the U.S. and the tenth largest in the world, driven by industries such as banking, technology, healthcare, energy, telecommunications, transportation, and logistics. Serving as a key gateway for both business and tourism, Dallas-Fort Worth International Airport is one of the busiest and largest airports globally.

Education is a cornerstone of the community, with more than three hundred public and 90 private primary and secondary schools, as well as over 40 institutions of higher learning. Notable universities include Southern Methodist University, the University of Texas at Dallas, the University of Texas at Arlington, the University of North Texas, Texas Christian University, and the University of Texas Southwestern Medical School.

Dallas is one of the most ethnically diverse major cities in the U.S. The population includes 42% Hispanic or Latino residents, 24% Black or African American, 5% Asian, American Indian, or Pacific Islander, and 29% White. The Dallas metro area is also home to the sixth-largest LGBTQ+ community among the nation's 50 largest cities.

From its thriving economy and rich cultural scene to its sports legacy and diverse communities, Dallas is a city that blends opportunity with excitement—making it a premier place to live, work, and explore.

# THE CITY

The City of Dallas operates under a Council-Manager form of government, with a Mayor and 14 City Council Members serving as district representatives. Under this form of government, the elected body sets policies for city operations.

The Mayor and City Council appoint the City Manager to serve as the chief administrator of the city government. The City Manager leads an Executive Leadership Team, which consists of Assistant City Managers and Chiefs. The City of Dallas is a full-service organization with more than thirty departments. The City Manager oversees all departments and functions of the city, while the City Attorney, City Secretary, City Auditor, Inspector General and Judiciary report directly to the City Council.

Dallas has an FY 2024-25 operating budget of over $4 billion and a capital budget of over $912 million, totaling more than $4.9 billion. The city currently employs approximately 13,000 full-time staff.



**City of Dallas**

The City of Dallas is guided by a "service first" culture, based on three core principles:

- Connect
- Communicate
- Collaborate

We envision Dallas as a globally recognized city – with a thriving and inclusive community that sets the standard for excellence through:

- Innovation
- Government Efficiency
- Targeted Economic Growth

So all residents reach their potential to contribute to social vibrancy.





## THE DEPARTMENT AND THE POSITION

The Inspector General will be responsible for the management and supervision of the Inspector General Division that will consist of the Inspector General, a Chief Integrity Officer, attorneys, investigators, and support staff. The Inspector General will report directly to the Mayor and City Council and will manage and oversee the operations of the Inspector General Division including: supervising, directing, coordinating, and reviewing independent investigations into alleged ethics violations; fraud, waste, abuse, and corruption by city officials, city employees, and persons doing business with the city; prosecuting alleged violations of the City's code of ethics before the Ethics Advisory Commission; issuing subpoenas for attendance of witnesses and production of documents the Inspector General deems necessary; and issuing advisory opinions to city officials and city employees.

The Inspector General will also ensure that investigative reports are provided to the Ethics Advisory Commission, the city council, the city attorney, the city auditor and the city manager detailing the findings of the investigations. The Inspector General will also review and recommend policies and/or procedures to the city council, city attorney, and city manager for the purpose of promoting economy and efficiency in the administration of, or preventing and detecting fraud, waste, and abuse in city programs and operations.

The Inspector General will also be responsible for establishing the structure of the office as the division previously was incorporated into the City Attorney's office.

## CANDIDATE REQUIREMENTS:

- Candidates must have a bachelor's degree in business, accounting, finance, or related field, OR in lieu of degree, any combination of education and accounting or finance experience that equals four (4) years. A master's degree or JD is preferred.

- Candidates must have at least 10 - 15 years of experience in auditing, accounting, or finance, preferably in the public sector, and must have a minimum of 5 years of progressively responsible management/supervisory experience.

- Possession of a certificate as a Certified Public Accountant (CPA), Certified Interna Auditor (CIA), Certified Fraud Examiner (CFE) or possession of a Juris doctorate (JD) is highly desirable.

- Prior work experience managing and completing complex investigations involving allegations of fraud, theft, deception, or conspiracy; demonstrated experience and/or ability in accounting, auditing, finance, law, management, analysis, public administration, investigations, criminal justice administration, or other closely related fields.

- Prior experience serving in an inspector general capacity is desired.





## ADDITIONAL SKILLS, QUALITIES AND EXPERIENCE DESIRED:

- Demonstrate an ability to be independent and impartial and have a natural aptitude in leadership and management and unimpeachable integrity and personal ethics.

- Possess strong management skills and attention to detail.

- Be committed to supporting a diverse, inclusive, and equitable work environment.

- Possess excellent oral, written, communication, analytical, and research skills.

- Can propose ways to ensure the legal, fiscal, and ethical accountability of the city government, including its elected and appointed officials, employees, and those doing business with the city.

- Have experience in emphasizing preventative activities through training and education; and

- Have experience in establishing procedures to guide the functions and processes conducted by the Inspector General Division.

## COMPENSATION AND BENEFITS

The starting salary range is expected to be competitive with the marketplace and experience with the salary range starting at $200,000 DOQ/E. The City of Dallas provides a comprehensive benefit package that includes health benefits, pension, paid time off and holidays. The position is exempt from the provisions applicable to civil service, pursuant to Chapter XVI, Section 9 of the Dallas City Charter.

## TO APPLY

Interested candidates should apply online at GovHRjobs.com with a cover letter, resume, and contact information for at least five professional references by May 2, 2025.

For further information, contact Charlene Stevens, Vice President of Human Capital, 320-262-0303 or Cheryl Orr, MGT Independent Approved Recruiter, 757-621-9607.

This recruitment follows existing rules and regulations governing public sector hiring in the State of Texas.





**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mark Downey on behalf of Mark David Downey
Bar No. 793637
mdowney@dlawgrp.com
Envelope ID: 106391167
Filing Code Description: Amended Petition
Filing Description: 1ST -APPL TEMP INJ & PERM INJ
Status as of 10/3/2025 8:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stacy ChoHernandez | | shernandez@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Stacy ChoHernandez | | shernandez@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Stacy ChoHernandez | | shernandez@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Stacy ChoHernandez | | shernandez@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Leon  Carter | | lcarter@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Leon  Carter | | lcarter@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Leon  Carter | | lcarter@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Leon  Carter | | lcarter@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Ana  ChoJordan | | ajordan@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Ana  ChoJordan | | ajordan@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Ana  ChoJordan | | ajordan@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Ana  ChoJordan | | ajordan@carterarnett.com | 10/2/2025 4:27:27 PM | SENT |
| Mark  DDowney | | mdowney@dlawgrp.com | 10/2/2025 4:27:27 PM | SENT |

FILED
10/9/2025 1:13 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Lauren Beavers DEPUTY

CAUSE NO.  DC-25-15662

| | | |
|---|---|---|
| K. Bart Bevers, | § | IN THE DISTRICT COURT |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | 116th JUDICIAL DISTRICT |
| City of Dallas, Texas, Eric Johnson, | § | |
| Kimberly Bizor Tolbert, Tammy Palomino, | § | |
| in their official capacities, | § | |
|   *Defendants*. | § | DALLAS COUNTY, TEXAS |

## <u>NOTICE OF FILING RULE 11 AGREEMENT</u>

Defendants City of Dallas, Texas, Eric Johnson, Kimberly Bizor Tolbert, and Tammy Palomino (collectively "Defendants") hereby give notice of the filing of the Rule 11 Agreement regarding the acceptance of service of Plaintiff's Original Petition as of September 17, 2025, attached hereto as Exhibit A. By entering into this Rule 11 Agreement, Defendants do not waive any rights, claims, or defenses in this matter.

Date:  <u>October 9, 2025</u>

         Respectfully submitted,

         */s/ E. Leon Carter*
         E. Leon Carter
         Texas Bar No. 03914300
         lcarter@carterarnett.com
         Stacey Cho Hernandez
         Texas Bar No. 24063953
         shernandez@carterarnett.com
         Ann "Ana" Marie Jordan
         Texas Bar No. 00790748
         ajordan@carterarnett.com
         **CARTER ARNETT PLLC**
         8150 N. Central Expy, Ste. 500
         Dallas, Texas 75206
         Telephone: (214) 550-8188
         Facsimile: (214) 550-8185

         **ATTORNEYS FOR DEFENDANTS**

**EXHIBIT**

**5**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 9, 2025, all counsel of record were served with this instrument through the Court's electronic filing system.

/s/ E. Leon Carter
E. Leon Carter

EXHIBIT

A

**From:** Mark Downey <mdowney@dlawgrp.com>
**Sent:** Wednesday, September 17, 2025 11:48 AM
**To:** Mendola, Sarah <sarah.mendola@dallas.gov>
**Subject:** Re: Bevers v. City of Dallas, et. al.

**External Email!**

Thank you for clarifying.  The citation for Tammy Palomino somehow did not attach.

Please confirm receipt and service for her as well.

**Mark D. Downey\***
Board Certified in Labor & Employment Law
By the Texas Board of Legal Specialization



**Website:**    **www.dlawgrp.com**

**Houston:**                          **Dallas:**
5308 Ashbrook                      4516 Lovers Lane, #204
Houston, Texas 77081              Dallas, Texas 70225

email:  mdowney@dlawgrp.com

Direct:  (214) 764-7279
\*Licensed to practice in Texas and Colorado

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

1 of 5

**From:** Mendola, Sarah <sarah.mendola@dallas.gov>
**Sent:** Wednesday, September 17, 2025 11:43 AM
**To:** Mark Downey <mdowney@dlawgrp.com>
**Subject:** RE: Bevers v. City of Dallas, et. al.

Mr. Downey,

Received as to the City of Dallas, Mayor Eric Johnson, and Kimberly Bizor Tolbert.

Best,



**Sarah E. Mendola**
Executive Assistant City Attorney
Section Chief
Employment Law Section
**City of Dallas**
Dallas City Attorney's Office
1500 Marilla St., 7DN
Dallas, TX 75201
O:  214-670-0611
F: 214-670-0622
sarah.mendola@dallas.gov

**From:** Mark Downey <mdowney@dlawgrp.com>
**Sent:** Wednesday, September 17, 2025 10:53 AM
**To:** Mendola, Sarah <sarah.mendola@dallas.gov>
**Subject:** Re: Bevers v. City of Dallas, et. al.

**External Email!**

Ms. Mendola

Please find the attached citations for the parties in this case.  Please confirm receipt and acceptance of service.

Thank you.

**Mark D. Downey\***
Board Certified in Labor & Employment Law
By the Texas Board of Legal Specialization



**Website:    www.dlawgrp.com**

**Houston:**                                   **Dallas:**
5308 Ashbrook                              4516 Lovers Lane, #204
Houston, Texas 77081                   Dallas, Texas 70225

email:  mdowney@dlawgrp.com

Direct:  (214) 764-7279
\*Licensed to practice in Texas and Colorado

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Mendola, Sarah <sarah.mendola@dallas.gov>
**Sent:** Thursday, September 4, 2025 3:14 PM
**To:** Mark Downey <mdowney@dlawgrp.com>
**Subject:** RE: Bevers v. City of Dallas, et. al.

Thanks, Mark. We will consider service effective once I receive service of all four citations via email and confirm receipt.

Best,



Sarah E. Mendola
Executive Assistant City Attorney
Section Chief
Employment Law Section
**City of Dallas**
Dallas City Attorney's Office
1500 Marilla St., 7DN
Dallas, TX 75201
O:  214-670-0611
F: 214-670-0622

[sarah.mendola@dallas.gov](mailto:sarah.mendola@dallas.gov)

---

**From:** Mark Downey <[mdowney@dlawgrp.com](mailto:mdowney@dlawgrp.com)>
**Sent:** Thursday, September 4, 2025 2:22 PM
**To:** Mendola, Sarah <[sarah.mendola@dallas.gov](mailto:sarah.mendola@dallas.gov)>
**Subject:** Bevers v. City of Dallas, et. al.

**External Email!**

Sarah

This email confirms out conversation that you have agreed to accept delivery and therefore service of the citations for all parties in the lawsuit. As I said, there has been some delay in getting the citations back from the clerk, but I will forward those as soon as I have them and will wait for confirmation from you of delivery.

Should you need anything else, please let me know.

Also, if there is interest in trying to resolve this case, we would look forward to speaking about that.

**Mark D. Downey\***
Board Certified in Labor & Employment Law
By the Texas Board of Legal Specialization



**Houston Office:**
5308 Ashbrook
Houston, Texas 77081

**Dallas Office:**
4516 Lovers Lane, #204
Dallas, Texas 70225

email: [mdowney@dlawgrp.com](mailto:mdowney@dlawgrp.com)

Direct: (214) 764-7279
*Licensed to practice in Texas and Colorado

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**CAUTION:** This email originated from outside of the organization. Please, do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION:** This email originated from outside of the organization. Please, do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION:** This email originated from outside of the organization. Please, do not click links or open attachments unless you recognize the sender and know the content is safe.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Stacey Hernandez on behalf of Stacey Hernandez
Bar No. 24063953
shernandez@carterarnett.com
Envelope ID: 106654703
Filing Code Description: Rule 11
Filing Description: AGREEMENT RE: ACCEPTANCE OF SERVICE OF
ORIGINAL PETITION
Status as of 10/10/2025 8:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  DDowney | | mdowney@dlawgrp.com | 10/9/2025 1:13:33 PM | SENT |
| Kathleen Newsome | | knewsome@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Hopkins Cathryn | | chopkins@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Ana  ChoJordan | | ajordan@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Ana  ChoJordan | | ajordan@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Ana  ChoJordan | | ajordan@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Ana  ChoJordan | | ajordan@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Leon  Carter | | lcarter@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Leon  Carter | | lcarter@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Leon  Carter | | lcarter@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Leon  Carter | | lcarter@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Stacy ChoHernandez | | shernandez@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Stacy ChoHernandez | | shernandez@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Stacy ChoHernandez | | shernandez@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |
| Stacy ChoHernandez | | shernandez@carterarnett.com | 10/9/2025 1:13:33 PM | SENT |