UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| K. BART BEVERS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:25-CV-2769-X |
| CITY OF DALLAS, TEXAS et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants City of Dallas, Eric Johnson, Kimberly Bizor Tolbert, and Tammy Palomino's motion to dismiss. (Doc. 4). After considering the relevant law and the arguments of parties, the Court **GRANTS IN PART** Defendants' motion and dismisses Bevers's Federal Due Process claims.. The Court declines to exercise supplemental jurisdiction over Bevers's remaining state law claims and intends to remand this case to the 116th Judicial District Court, Dallas County, Texas; however, the Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by 28 days from the entry of this order and **STAYS** execution of the remand order pending objections.

## I. Background

Plaintiff K. Bart Bevers was appointed as the interim Inspector General for the City of Dallas. Like any interim, such as D.J. Durkin at Auburn, he hoped to keep the job full time. But the City of Dallas had other plans. Following the appointment of his successor, Bevers filed suit alleging (1) retaliation under the

Texas Whistleblower Act, (2) wrongful termination, (3) violations of due course and due process rights under the Texas and United States Constitutions, (4) ultra vires acts by the city officials and (5) declaratory relief under the Uniform Declaratory Judgments Act. Defendants removed this action on the basis of federal question jurisdiction because Bevers alleges a cause of action under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a claim that is not plausibly alleged.[1] To survive a 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[2] A claim is plausible when it "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[3] which requires "more than a sheer possibility that [the] defendant has acted unlawfully."[4] "[A] formulaic recitation of the elements of a cause of action will not do."[5] And the pleading must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[7]

---

[1] FED. R. CIV. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*

[5] *Id.* (cleaned up).

[6] *Id.*

[7] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

### III. Analysis

Defendants seek to dismiss all of Bevers's claims, raising a bevy of arguments for each claim. But the entire basis for jurisdiction in federal court is Bevers's due process claim. So, the Court considers the due process question first. Because Bevers's due process claim fails as a matter of law, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** this action to state court, but **STAYS** the execution of the remand for 28 days pending the parties' potential objections.

### A. Federal Due Process Claims

Defendants move to dismiss Bevers's federal due process claims because he did not have a property interest in his continued employment.[8] Bevers responds arguing a city resolution fixed his tenure and incorporated the city charter's protections for his employment. The Court agrees with Defendants.

Bevers's Fifth Amendment claim fails as a matter of law because the Fifth Amendment Due Process Clause only applies to the federal government.[9]

That said, the Fourteenth Amendment protects citizens from government acts that "deprive any person of life, liberty, or property, without due process of law."[10] When asserting the right of continued government employment as either a

---

[8] Defendants analyze Bevers's federal due process claims and state due-course-of-law claim together. But the Court does not do the same. The Texas Constitution's clause is distinct both in text, history, and origin from the federal due process clauses. And emerging scholarship argues that the due-court-of-law clause should not be understood as merely duplicative of the due process clause. *See* Arif Panju, Jeff Rowes, & Wes Dodson, *Every Safeguard Known to Constitutional Law*, 28 Tex. Rev. L. & Pol. 178 (2024).

[9] *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002).

[10] U.S. CONST. amend. XIV, § 1.

procedural or substantive due process claim, the plaintiff must plead a plausible property interest.[11] Bevers does not specify whether his property claim is procedural or substantive.

A property interest under the Fourteenth Amendment Due Process Clause "is an individual entitlement grounded in state law, which cannot be removed except for cause."[12] Thus a government employee may have a property interest if "under state law a state employee is granted a claim of entitlement to continued employment absent sufficient cause for discharge, that state employee has been granted a property interest that demands the procedural protections of due process."[13] In this way the property interest is a "vested right" that "amounts to more than a mere expectancy based on the anticipated continuance of existing law."[14]

Here, Bevers's Fourteenth Amendment claim fails as a matter of law because he did not have a plausible property interest. The city council's appointment language makes clear that the term is "to serve until the City Council selects and appoints the Inspector General."[15] That is exactly what happened here—Bevers served until the city picked a full-time inspector general. So Bevers's tenure as interim ended when the city picked a full-time person for the role.

---

[11] *See Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993) (requiring a property interest for a substantive due process claim); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (requiring an employee first have a property interest for a procedural due process claim).

[12] *Woodard v. Andrus,* 419 F.3d 348, 353 (5th Cir. 2005) (cleaned up).

[13] *Id.* at 354.

[14] *McGarry v. Houston Firefighters' Relief & Ret. Fund*, 680 S.W.3d 14, 29 (Tex. App.—Houston [1st Dist.] 2023, pet. denied).

[15] Doc. 4 at 3 (Nov. 19, 2024, City Council Resolution Appointing Bevers).

And even if some ambiguity exists in whether the resolution created a property right, "any ambiguity in the grant of a property interest in employment is resolved in favor of the state."[16]

Accordingly, Bevers's Fourteenth Amendment claim also fails as a matter of law because he does not have a vested property right in continued employment of his temporary position.

## B. Remand

Having dismissed Bevers's sole basis for federal jurisdiction, the Court must next consider whether to exercise supplemental jurisdiction over the remaining state law claims.  The Court, in its discretion, declines to do so.

Where a district court has original jurisdiction over a civil action, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[17]  In the Fifth Circuit "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[18] Even where a district court has supplemental jurisdiction, it may decline to exercise supplemental jurisdiction "in exceptional circumstances" if "there are other

---

[16] *Byars v. City of Austin*, 910 S.W.2d 520, 523 (Tex. App.—Austin 1995, writ denied).

[17] 28 U.S.C. § 1367(a).

[18] *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)

compelling reasons for declining jurisdiction,"[19] because supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."[20]

Here, the Court exercises its discretion to follow the Fifth Circuit's general rule. Having dismissed the sole federal claim, the state law claims predominate over the case, and a Texas court is better suited to decide these questions of Texas state law.

## IV. Leave to Amend

Bevers's response, in the alternative, requests the Court dismiss without prejudice, should the Court grant any part of Defendants' motion to dismiss. The Court concludes that dismissal with prejudice is warranted.

Leave should be "freely given when justice so requires," and denial is appropriate only upon a substantial showing of futility, undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice.[21] Leave to amend is futile when an amended complaint, analyzed under the legal sufficiency standard of Rule 12(b)(6), would still fail to state a claim upon which relief can be granted.

Here, Bevers cannot plausibly state a claim that would survive Rule 12(b)(6) for his federal due process claims. Bevers's job as *interim* Inspector General did not vest a property interest under the state or federal constitution—and that cannot change under any additional alleged facts. Although Rule 15(a) "evinces a bias in

---

[19] *See* 28 U.S.C. § 1367(c)(4).

[20] *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 172 (1997) (cleaned up).

[21] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

favor of granting leave to amend," the Court need not grant leave in this circumstance where any future amendment would be futile.[22]

## V.    Conclusion

Accordingly, the Court **GRANTS IN PART** Defendants' motion to dismiss and **DISMISSES WITH PREJUDICE** Bevers's federal due process claims.  The Court **DECLINES** to exercise supplemental jurisdiction over the remaining state-law claims.  Therefore, the Court **REMANDS** this case to the 116th Judicial District Court, Dallas County, Texas, but **STAYS** the execution of the remand for 28 days for the parties to file any objection to the Court's decision to decline to exercise supplemental jurisdiction.

**IT IS SO ORDERED** this 13th day of December, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[22] *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002).